IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| D&A DESIGNS LLC; DEREKY MARTIN-HAGLER; ALFRED HAGLER; and DEREK BROWN,<br><br>              Plaintiffs,<br><br>  v.<br><br>FOX TELEVISION STATIONS, LLC d/b/a WTTG FOX 5; LAJOIE GRIMES; and TIFFANY VENEY,<br><br>             Defendants. | Case No. 1:20-cv-2993<br><br>Removed from the Circuit Court of Maryland for Baltimore County (Cir. Ct. Case No. C-03-CV-20-003174) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446, Defendant Fox Television Stations, LLC d/b/a WTTG Fox 5 ("WTTG") removes the above-captioned action from the Circuit Court of Maryland for Baltimore County to the United States District Court for the District of Maryland. The grounds for removal – together with a copy of all process, pleadings, and orders served on WTTG – are set forth below and attached as exhibits hereto.

    1.    This action arises from a contract and deceptive trade practices dispute between homeowners Lajoie Grimes and Tiffany Veney (together, the "Homeowners") and home-design firm D&A Designs LLC and its principals Dereky Martin-Hagler, Alfred Hagler, and Derek Brown (together, "D&A Designs").

    2.    On April 1, 2019, the Homeowners sued D&A Designs in the Circuit Court of Maryland for Baltimore County for breach of contract and violation of the Maryland Consumer Protection Act. That case, which remains pending, is captioned *Lajoie Grimes, et al. v. Dereky Martin, et al.*, No. C-03-CV-19-000792. The Homeowners' initial complaint in *Grimes v. Martin* is attached hereto as Exhibit A.

3. On June 13, 2019, WTTG broadcasted and posted online a news report about the *Grimes v. Martin* case, titled "Maryland couple claims Prince George's County interior design company defrauded them." A copy of the news report is attached hereto as <u>Exhibit B</u>.[1]

4. On August 5, 2019, D&A Designs filed a Counter-Complaint against the Homeowners, asserting counter-claims of defamation (Count I), intentional infliction of emotional distress ("IIED") (Count II), negligence (Count III), and unjust enrichment (Count IV).[2] A copy of the Counter-Complaint is attached hereto as <u>Exhibit C</u>.

5. Also on August 5, 2019, D&A Designs filed a putative Third-Party Complaint against both WTTG and the Homeowners, asserting claims of defamation against the Homeowners (Count I), defamation against WTTG (Count II), false light invasion of privacy against WTTG (Count III), IIED against the Homeowners and WTTG (Count IV), negligence against WTTG (Count V), and unjust enrichment against the Homeowners (Count VI).[3] A copy of the Third-Party Complaint is attached hereto as <u>Exhibit D</u>.

6. WTTG moved to dismiss the Third-Party Complaint for violating the Maryland Rules regarding third-party practice and for failure to state a claim on which relief could be granted. Following a hearing on that motion, the Circuit Court of Maryland for Baltimore County (Stringer, J.) ruled that the Third-Party Complaint was procedurally improper and granted WTTG's motion to dismiss "without prejudice to [D&A Designs] to file a separate action." A copy of the order granting WTTG's motion is attached hereto as <u>Exhibit E</u>.

---

[1] A copy of the news report as broadcast also is available at https://www.fox5dc.com/news/maryland-couple-claims-prince-georges-county-interior-design-company-defrauded-them.

[2] The Counter-Complaint incorrectly labels Counts III and IV as Counts V and VI, respectively.

[3] The Third-Party Complaint incorrectly labels Count IV as Count VI.

7. On August 27, 2020, D&A Designs filed a second action in the Circuit Court of Maryland for Baltimore County – the action that WTTG now removes – captioned *Alfred Hagler, et al. v. Fox Television Stations, LLC*, Case No. C-03-CV-20-3174.  A copy of the Complaint and Summons in *Hagler v. Fox Television Stations* as served on WTTG is attached hereto as Exhibit F.[4]

8. The Complaint in *Fox Television Stations* asserts claims of defamation against the Homeowners (Count I), defamation against WTTG (Count II), false light against WTTG (Count III), IIED against the Homeowners and WTTG (Count IV), negligence against WTTG (Count V), and unjust enrichment against the Homeowners (Count VI).[5] *See generally* Ex. F.

9. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. 28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

11. D&A Designs seeks damages in *Hagler v. Fox Television Stations* "in an amount that exceeds $75,000." *See* Ex. F at p. 27 (*ad damnum* clause).

12. For purposes of assessing diversity of citizenship:

   a. Plaintiff Martin-Hagler is a citizen of **Maryland**.  *See* Ex. F ¶ 2.

---

[4] This Notice is timely because WTTG received a copy of the Complaint and Summons in this matter by mail delivered to its registered agent on September 16, 2020.  *See* 28 U.S.C. § 1446(b).

[5] The Complaint in *Hagler v. Fox Television Stations* incorrectly labels Count IV as Count VI.

    b. Plaintiff Hagler is a citizen of **Maryland**. *See id.* ¶ 3.

    c. Plaintiff Brown is a citizen of **the District of Columbia**. *See id.* ¶ 4.

    d. Plaintiff D&A Designs LLC is a Maryland limited liability company with its principal place of business in Maryland. *See id.* ¶ 5. According to its Articles of Organization, attached hereto as <u>Exhibit G</u>, D&A Designs LLC's members are Plaintiffs Martin-Hagler, Hagler, and Brown, who are citizens of Maryland or the District of Columbia. *See* Ex. G at 1. Plaintiff D&A Designs LLC is therefore a citizen of **Maryland** and **the District of Columbia** for jurisdictional purposes.

    e. Defendant Fox Television Stations, LLC is a Delaware limited liability company with its principal place of business in New York, whose sole member is Fox Television Holdings, LLC. Fox Television Holdings, LLC is a Delaware LLC with its principal place of business in California. The sole member of Fox Television Holdings, LLC is Foxcorp Holdings LLC, a Delaware LLC with its principal place of business in California. The sole member of Foxcorp Holdings LLC is Fox Corporation, a publicly traded Delaware corporation with its principal place of business in New York. For jurisdictional purposes, Defendant Fox Television Stations, LLC is therefore a citizen of **Delaware**, **California** and **New York**.

    f. Defendants Grimes and Veney are citizens of **Maryland**, *see* Ex. F ¶¶ 5-6.

13. Though the Homeowners are ostensibly non-diverse parties, "the fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015). Under that doctrine, "[t]he district court can disregard, for jurisdictional purposes, the citizenship of

certain nondiverse defendants," and "can retain jurisdiction" over the case if "there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (emphasis in original) (internal marks and citations omitted).

14. The claims against the Homeowners in *Hagler v. Fox Television Stations* entirely and improperly duplicate the counter-claims that remain pending against the Homeowners in *Grimes v. Martin*. *Compare* Ex. F ¶¶ 27-39, 55-59, and 67-72, *with* Ex. C ¶¶ 27-57. D&A Designs therefore has no possibility of prevailing on its claims against the Homeowners here. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 628 (D. Md. 2006) (barring duplicative claims and observing that to allow such claims would "put the parties to the cost and vexation of multiple lawsuits, deplete judicial resources, foster inconsistent decision, and diminish reliance on judicial decisions"); *Chinn v. Giant Food, Inc.*, 100 F. Supp. 2d 331, 333 (D. Md. 2000) (dismissing duplicative claims and noting that "[t]he cases are legion that a party may not institute new actions duplicating existing litigation") (collecting cases).

15. Because D&A Designs has no possibility of prevailing on its duplicative claims against the Homeowners in this case, the Homeowners are fraudulently joined and the Court should disregard their citizenship for purposes of assessing diversity jurisdiction.[6]

16. There is complete diversity of citizenship among the parties—excluding those fraudulently joined—and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal is therefore proper under 28 U.S.C. § 1441.

---

[6] The Homeowners' consent to removal is likewise not required because they are fraudulently joined. *See, e.g.*, *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 510 n.1 (D. Md. 2002).

17. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal because it embraces Baltimore County, Maryland, the place where this action is pending.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being forwarded to counsel of record for D&A Designs, as well as to the Clerk of the Circuit Court of Maryland for Baltimore County.  A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit H.

19. By filing this Notice of Removal, WTTG does not waive any defenses that may be available to it.

Dated:  October 15, 2020

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (D. Md. Bar No. 15919)
Maxwell S. Mishkin (D. Md. Bar No. 20650)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Fox Television Stations, Inc.*